WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TRE AVIATION CORP., a Delaware )<br>Registry, LTD, and Robert C. Mace, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>FEDERAL AVIATION ADMINISTRATION, )<br>)<br>Defendant. )<br>_____) | No. 2:14-cv-1852-HRH |

O R D E R

Motion to Dismiss

Defendant moves to dismiss plaintiff's complaint.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Background

Plaintiffs are TRE Aviation Corporation and Robert Mace, the vice-president of TRE Aviation. Defendant is the Federal Aviation Administration.

---

[1]Docket No. 15.

[2]Docket No. 18.

Plaintiffs acquired a Bell 206B helicopter, N61PH, serial number 3282, in 2004 and repaired it using parts, including a fuselage, from a salvage Bell 206B helicopter, serial number 3570.[3]  Plaintiffs applied for and received a standard airworthiness certificate for N61PH, and the helicopter was returned to service in November 2005.[4]  "In 2010, the Scottsdale Flight Standards District Office (FSDO) launched an effort to revoke" the "Standard Airworthiness Certificate"[5] for N61PH.  The Administrator of the FAA issued an Order of Revocation on May 20, 2011.[6]  Plaintiffs appealed the Order of Revocation.  A hearing was held before a National Transportation Safety Board (NTSB) ALJ, who affirmed the Order of Revocation.  An appeal to the NTSB was taken and the NTSB remanded the case for a new hearing, which was conducted before a different NTSB ALJ on June 18-19, 2013.  On August 28, 2013, the second ALJ (ALJ Woody) issued a decision affirming the Administrator's Order of Revocation.  ALJ Woody found that plaintiffs'

> actions constituted a violation of 14 CFR Section 45.13(e), in that [plaintiffs] impermissibly removed the data plate from one aircraft and placed it into the fuselage of another, reconstructed aircraft; thereby misidentifying the aircraft. Further [plaintiffs] violated 14 CFR Section 43.3, in that [plaintiffs'] actions

---

[3]Petition for Review [etc.] at 2, Docket No. 1.

[4]Id.

[5]Id.

[6]The Administrator initially issued an Emergency Order of Revocation on March 29, 2011, but that order was withdrawn on April 1, 2011.

>  constituted a rebuilding of aircraft N61PH without authority to do so. Under Section 43.3(j) only a manufacturer may rebuild an aircraft it has manufactured under a type or production certificate.[7]

Another appeal to the NTSB was taken, and on June 20, 2014, the NTSB affirmed the ALJ's decision. In its order, the NTSB noted that plaintiffs "must physically surrender the standard airworthiness certificate for N61PH to a representative of the FAA...."[8] And, on July 23, 2014, plaintiffs surrendered the airworthiness certificate for N61PH.[9]

On August 19, 2014, plaintiffs commenced this action by filing a "Petition for Review" in which they seek review of the NTSB's June 20, 2014 decision. Plaintiffs "petition th[e] court for an evidentiary hearing and a full independent (de novo) review" of the June 20, 2014 decision.[10]

Defendant now moves to dismiss plaintiffs' petition.

## Discussion

Defendant first argues that plaintiffs' petition should be dismissed because this court lacks subject matter jurisdiction. "Under Rule 12(b)(1), a defendant may challenge the

---

[7]Written Initial Decision and Order at 11, attached to Petition for Review [etc.], Docket No. 1.

[8]Opinion and Order at 18 n.46, attached to Petition for Review [etc.], Docket No. 1.

[9]Exhibit B, Opposition to Motion to Dismiss, Docket No. 18.

[10]Petition for Review [etc.] at 3, Docket No. 1.

plaintiff's jurisdictional allegations in one of two ways." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). A defendant may make a facial attack or a factual attack. Id. Here, defendant is making a facial attack. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" Id. (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Id.

Plaintiffs allege that the court has jurisdiction pursuant to Section 2(d) of the Pilot's Bill of Rights (PBR).[11] Section 2(d) of the PBR provides:

> Upon a decision by the National Transportation Safety Board upholding an order or a final decision by the Administrator denying an airman certificate under section 44703(d) of title 49, United States Code, or imposing a punitive civil action or an emergency order of revocation under subsections (d) and (e) of section 44709 of such title, an individual substantially affected by an order of the Board may, at the individual's election, file an appeal in the United States district court in which the individual resides or in which the action in question occurred, or in the United States District Court for the District of Columbia. If the individual substantially affected by an order of the Board elects not to file an appeal in a United States district court, the individual may file an appeal in an appropriate United States court of appeals.

---

[11]Petition for Review [etc.] at 2, Docket No. 1.

PL 112-153, August 3, 2012, 126 Stat 1159.

Whether Section 2(d) of the PBR provides this court with subject matter jurisdiction is a question of statutory construction. "[T]he first step ... is to determine whether the language has a plain and unambiguous meaning with regard to the particular dispute." Hawkins v. Franchise Tax Bd. of Calif., 769 F.3d 662, 666 (9th Cir. 2014). The court "'examine[s] not only the specific provision at issue, but also the structure of the statute as a whole, including its object and policy.'" Id. (quoting Children's Hosp. & Health Ctr. v. Belshe, 188 F.3d 1090, 1096 (9th Cir. 1999)). "If the plain language is unambiguous, that meaning is controlling, and [the court's] inquiry is at an end." Id. If the statutory language is ambiguous, then [the court] consult[s] legislative history." Id.

Defendant contends that Section 2(d) of the PBR applies to only appeals involving airman certificates while plaintiff contends that Section 2(d) applies to appeals involving airman certificates as well as other certificates, including airworthiness certificates. On its face, Section 2(d) provides for district court review of NTSB decisions upholding any of the following: 1) the denial of an airman certificate under 49 U.S.C. § 44703(d), 2) an order imposing a punitive civil action, and 3) an emergency order of revocation under 49 U.S.C. §§ 44709(d) and (e). Plaintiffs argue that the orders referred to in number two and three above do not necessarily have to be orders involving airman certificates.

While Section 2(d) might appear to be ambiguous, when the purpose of the PBR and the structure of the statute is considered as a whole, there is no ambiguity. Rather, it is clear that Section 2(d) was intended to only apply to appeals involving airman certificates. First, limiting Section 2(d) to appeals involving airman certificates is in keeping with the purpose of the PBR, which was enacted "<u>to provide rights for pilots</u>, and for other purposes." PL 112-153, August 3, 2012, 126 Stat 1159 (emphasis added). Second, the other provisions in Section 2 of the PBR all have to do with airman certificates. Section 2(a) provides that "[a]ny proceeding conducted under subpart C, D, or F of part 821 of title 49, Code of Federal Regulations, relating to denial, amendment, modification, suspension, or revocation of an airman certificate, shall be conducted, to the extent practicable, in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence." <u>Id.</u> Section 2(b) governs the information that must be made available to an "individual who is the subject of an investigation relating to the approval, denial, suspension, modification, or revocation of an airman certificate...." <u>Id.</u> Section 2(c) makes specific amendments to three provisions of title 49 of the United States Code, two of which pertain specifically to airman certificates. Third, Sections 3 and 4, the other two substantive sections of the PBR, both pertain to issues involving airman certificates. Section 3 requires the FAA administrator to begin a Notice to Airmen Improvement Program, and Section 4 addresses the FAA's process for determining an airman's eligibility for a medical certificate.

Because this appeal does not involve an airman certificate, this court lacks subject matter jurisdiction.[12] Plaintiffs' argument to the contrary is meritless. Plaintiffs argue that this court has jurisdiction because Mace is an individual who holds an airman certificate and he has been substantially affected by the NTSB's order affirming the ALJ's Order of Revocation for N61PH. But, Mace's airman certificate was not the subject of the NTSB proceedings at issue here. This appeal involves the revocation of an airworthiness certificate. The fact that Mace may hold an airman certificate does not mean that this court has subject matter jurisdiction over an appeal of <u>any</u> NTSB order that substantially affects him.

But even if the court were to construe Section 2(d) as applying to appeals involving certificates other than airman certificates, the court would still lack subject matter jurisdiction. As set out above, Section 2(d) provides for district court review of NTSB decisions upholding any of the following: 1) the denial of an airman certificate under 49 U.S.C. § 44703(d), 2) an order imposing a punitive civil action, and 3) an emergency order of revocation under 49 U.S.C. §§ 44709(d) and (e). Although this case does not involve an airman certificate, plaintiffs argue that it does involve an order imposing a civil action or an emergency order of revocation.

---

[12]Because the court lacks subject matter jurisdiction, it need not consider defendant's alternative Rule 12(b)(6) and Rule 8 arguments.

Plaintiffs argue that this case involves a "punitive civil action" because they had to forfeit their property, but this argument is meritless. No civil penalties, i.e, monetary fines, were imposed against plaintiffs. Rather, the certificate of airworthiness for N61PH was revoked. The revocation of a certificate is considered a remedial measure, not a civil penalty. Coghlan v. National Transp. Safety Bd., 470 F.3d 1300, 1305 (11th Cir. 2006).

Plaintiffs' argument that this case now involves the equivalent of an emergency order of revocation is also meritless. That plaintiffs had to surrender the certificate of airworthiness within 30 days of the NTSB's final decision does not turn the order of revocation into an emergency order of revocation. As noted above, the Administrator's initial order of revocation was issued as an emergency order, but that order was subsequently withdrawn and a non-emergency order of revocation was issued. The Administrator later moved to amend the order of revocation to designate it as an emergency order, but ALJ Woody denied that motion.[13] Further evidence that this case does not involve an emergency order of revocation can be found in the cover letter plaintiffs sent to the NTSB when they submitted the certificate, in which plaintiffs refer to this as a "non emergency case...."[14]

---

[13] Written Initial Decision and Order at 11, attached to Petition for Review [etc.], Docket No. 1.

[14] Exhibit B, Opposition to Motion to Dismiss, Docket No. 18.

If the court lacks subject matter jurisdiction, which it does, then plaintiffs request that this matter be transferred to the Ninth Circuit Court of Appeals.[15] When a district court lacks jurisdiction over a civil action, Section 1631 permits it "to transfer [the] case if (1) the court to which the action is to be transferred would have had jurisdiction 'at the time [the action] was filed,' and (2) 'it is in the interest of justice' to transfer." Munns v. Kerry, --- F.3d ---, 2015 WL 1260709, at *8 (9th Cir. 2015) (quoting 28 U.S.C. § 1631).

At the time plaintiffs filed their petition, the Ninth Circuit Court of Appeals had jurisdiction pursuant to 49 U.S.C. § 1153(a)[16] or 49 U.S.C. § 46110(a).[17] It is also in the

---

[15] "Defendant does not oppose plaintiffs' request for a transfer. Defendants' Reply to Plaintiffs' Response to Motion to Dismiss at 10, Docket No. 19.

[16] 49 U.S.C. § 1153(a) provides:

> The appropriate court of appeals of the United States or the United States Court of Appeals for the District of Columbia Circuit may review a final order of the National Transportation Safety Board under this chapter. A person disclosing a substantial interest in the order may apply for review by filing a petition not later than 60 days after the order of the Board is issued.

[17] 49 U.S.C. § 46110(a) provides:

> Except for an order related to a foreign air carrier subject to disapproval by the President under section 41307 or 41509(f) of this title, a person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Under Secretary of Transportation for Security with respect to security duties and powers designated to be carried out by the

(continued...)

interest of justice to transfer this matter.  See <u>Phillips v. Seiter</u>, 173 F.3d 609, 610 (7th Cir. 1999) ("A compelling reason for transfer is that the plaintiff[s' case] will be time-barred if his case is dismissed and thus has to be filed anew in the right court").

<u>Conclusion</u>

The court lacks subject matter jurisdiction to consider plaintiffs' petition and this case is transferred, pursuant to 28 U.S.C. § 1631, to the Ninth Circuit Court of Appeals.

DATED at Anchorage, Alaska, this 6th day of April, 2015.

>   /s/ H. Russel Holland  
>   United States District Judge

---

[17](...continued)
> Under Secretary or the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator) in whole or in part under this part, part B, or subsection (l) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.  The petition must be filed not later than 60 days after the order is issued.  The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.